UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. _____

02-10789RWZ

02-1070 RWZ

FRANCIS J. ROGERS,

Plaintiff

v.

PETER FLYNN, as Licensing Authority and
Individually,

Defendant

NOTICE OF REMOVAL  38866

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS:

Now comes defendant Peter Flynn, as Licensing Authority and Individually, pursuant to

the provisions of 28 U.S.C. §§ 1441 and 1446, and hereby files notice of the removal of this

action from the Plymouth Division of the District Court of the Commonwealth of Massachusetts,

County of Plymouth, where it is currently pending, based upon the following grounds:

    1.     This is an action in which the plaintiff alleges violations of rights secured by the

United States Constitution, pursuant to 42 U.S.C. § 2983.  See Complaint, ¶¶ 8, 12, 13, 17, 18,

21, 28, and 31, attached hereto and incorporated by reference.

    2.     The plaintiff also raises state law claims, seeking recovery pursuant to G.L. c. 12,

§§ 11H and 11I, alleging violations of his rights under the Massachusetts Constitution.

Complaint, ¶¶ 5, 11, 12, 13, 16, 18, 19, 21, 28, 30, 31, and 35.

    3.     The plaintiff further alleges that the defendant has violated G. L. c. 140, § 131,

with respect to his refusal to issue a firearms license to the plaintiff (Complaint, ¶¶ 4 and 7), and



that said statute violated his rights as secured by the United States and Massachusetts

Constitutions.  Complaint, ¶¶ 10, 13, 14, and 16.

4.   This Court has jurisdiction over the plaintiff's constitutional claims pursuant to 28

U.S.C. § 1331, and the entire case may be removed pursuant to 28 U.S.C. § 1441.

5.   This Removal is timely, as this action was served on the defendant on April 12,

2002.


Signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted,

DEFENDANT PETER FLYNN
By his attorneys,


Joseph L. Tehan (BBO# 494020)
Tanya D. Trevisan (BBO# 637769)
Kopelman and Paige, P.C.,
  Town Counsel
31 St. James Avenue, Seventh Floor
Boston, MA  02116
(617) 556-0007

155143/PLYM/0273

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail-hand on 05/01/02

2

DC4-13
AR4-76

# TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS
## District Court Department
## PLYMOUTH DIVISION



**PLYMOUTH, SS.**

FRANCIS J. ROGERS

v.

PETER FLYNN, INDIVIDUALLY AND
as LICENSING OFFICER, Town
of Plymouth

Civil Action No. _0259-CV-0299_

### SUMMONS
(Rule 4)  Town of Plymouth Police Dept.

To defendant ___Peter Flynn, Lic. Auth.___ of 20 Long Pond Road, Ply, MA 02360
                        (name)                                  (address)

You are hereby summoned and required to serve upon ___Albert G. Tierney___, plaintiff('s attorney), whose address is 465 Main St., Norwell, MA 02061, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

Witness, THOMAS F. BROWNELL, Presiding Justice, on ___April 11, 2002___.
                                                                                              (date)

(SEAL)

_John F. Sullivan_

**CLERK-MAGISTRATE**

Note:  (1)  When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
         (2)  The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

### RETURN OF SERVICE

On _____, I served a copy of the within summons, together with a copy of the
        (date of service)
complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):
and Production of Document Request and Request for Admission of Facts
both to the defendant.

_____
(signature)

A TRUE COPY, ATTEST

_____
(name and title)

DEPUTY SHERIFF

4/12/02

_____
(address)

Note:  (1)  The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).
         (2)  Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
         (3)  If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

**This form prescribed by the Chief Justice of the District Courts**

PC-213

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS

TRIAL COURT OF MASSACHUSETTS
DISTRICT COURT DEPARTMENT
PLYMOUTH DIVISION
CA NO. 0259-CV-0299

FRANCIS J.  ROGERS                    *
                                      *
              Plaintiff               *
                                      *          COMPLAINT FOR DENIAL OF
  vs.                                 *          FIREARMS LICENSE RENEWAL
                                      *             MGL c. 140, §131
Peter Flynn, as                       *
Licensing Authority and               *
Individually                          *
                                      *
              Defendant               *
                                      *

### THE PLAINTIFF DEMANDS TRIAL BY JURY

To the Honorable the Justices of the above Division of the TRIAL COURT DEPARTMENT respectfully represents your plaintiff as follows:

1.    The plaintiff is a citizen of the United States of America and of the Commonwealth of Massachusetts, residing at 34 Grasshopper Lane, Plymouth Massachusetts, county aforesaid.

2.    The defendant, Peter Flynn, is named as an individual and as the Licensing Authority for the municipality aforesaid,

1

with a usual place of business at 20 Long Pond Road, Plymouth, MA 02360 in said municipality, County as aforesaid, and is the firearms licensing authority of the said town.

3.    The defendant Flynn, by a written notice to the plaintiff, dated February 14, 2002, denied plaintiff's application for renewal of his License to Carry Firearms he held many years by Exhibit "A" attached without an opportunity to be heard before said denial letter (exhibit A).

4.    Plaintiff says he is not disqualified by any law or limitations established by the legislature in c. 140, §131 or elsewhere and there was and is no lawful or reasonable ground for denying plaintiff's renewal of license held many years and the use of his property in his firearm in this controversy.

5.    As a citizen of Massachusetts plaintiff is entitled as an individual under the common law and the protective provisions of the Constitution of Massachusetts, Declaration of Rights, Part I, Articles I, XI, XII, XV XVII, XVIII and XXX to exercise his personal, individual, certain, essential, natural, and unalienable rights including, that of enjoying and defending his life, liberty and happiness, acquiring, possessing and protecting his property; to wit: the right to keep and bear arms for his and the common defense.  Declaration of Independence of the Thirteen

2

United States, July 4, 1776.  Constitution United States, Constitution of Massachusetts, Preamble, Pt., I, Article I.

6.    The plaintiff has been denied these unalienable common law rights by the defendant as protected by the Massachusetts Constitution and statutes by the denial of his license renewal and loss of use and value of property arbitrarily, capriciously, without lawful reason or basis, without opportunity to be heard, without right to jury trial in this controversy and property right, use of property, possession of his property in firearms to protect his property and the safety of himself and his family.

7.    The plaintiff applied in the past to the defendant in the municipality, where he resides, for license to carry firearms under MGL c. 140, §131, and same was issued each time as he qualifies in all respect, as a citizen, over 21 years of age, a resident of said municipality, has no criminal record that may be used against him, no history of mental illness and is thereby a suitable persons as determined by the legislature's objective standards set to prevent abuse by the executive branch to carry a firearm under §131 for all lawful purposes, he not being within the limiting objective standards of the said legislative police power.  Mass., Const., Pt.  II, c.  1, § 1, Art., IV.

8.   The plaintiff says the distinction of limitations and restrictions is ludicrous and unlawful denying him equal protection, as carrying a firearm for any lawful purpose, whether hunting, competition, target or protection, entails the same responsibility, skill, judgment and compliance with the law as any other citizen in the exercise of due care for his fellow citizens and is discriminatory.

9.   The plaintiff says the defendant is knowingly and intentionally attempting to or depriving him the plaintiff, of his civil rights protected under M.G.L. c. 276, s. 100 A, c. 119, § 60 and other laws [1] by said Exhibit "A" and further defendant is committing a crime by violating M.G.L. c. 265, § 37 in knowingly and willfully interfering and acting as proscribed in said § 37 by threat or threat of force under color of law.

10.   The plaintiff says  MGL c. 140 section 131, permits the  arbitrary and capricious abuse of authority by the defendant in his determination of who is a "suitable" person, has a "suitable" purpose or is to be further restricted in exercise of his rights by the complete lack of any objective standards extended or established by the legislature for the defendant's

---

[1] To deprive a person the benefit of his rights under a statute as M.G.L. c.  94C, § 34, 119, §§ 60 and 60A or c.  276, §§ 100A and B, constitutes a violation of M.G.L. c.  265, § 37 and 18 USC 242 as well as c.  12, § 11H and I and 42 USC 1983.

4

conduct in abuse of his authority and protection of the
plaintiff's common law, constitutional rights of due process and
equal protection of rights of citizens.

11.  The plaintiff says he is discriminated against by the
defendant as a member of a class of individuals having firearms,
desiring or requiring same and is denied the equal protection of
the law in that other individuals, citizens of Massachusetts,
have meaningful remedy, right of appeal and trial by jury when
their property or civil rights are deprived under Articles I,
XII, XV, XX and XXX, Pt.  I  Mass.  Const.  The plaintiff has,
however, only an ineffective "judicial review" in M.G.L. c.  140,
§ 131  of his constitutionally protected, sacred, unalienable,
natural, common law rights, an utterly worthless, meaningless and
useless remedy without due process, equal protection of law, jury
trial or right of appeal for complaint of loss of civil rights
and property.  Article XI, Pt. I., Mass.  Const.

12.  The plaintiff says the defendant and others, unknown to
your plaintiff, as a class of men (people), have a private
interest in carrying out unlawful policy or action though sworn
to uphold the Constitution, which conduct is tantamount to making
law by executive fiat, contrary to the Constitution of
Massachusetts and that of the United States, for the furtherance

5

of their private purposes not reasonably related to any evil to
be prevented by an unlawful unconstitutional exercise of the
police power reserved to the legislative branch of our
Massachusetts Constitution, Part I, Art., I, Pt., II, XXX and c.
1, § 1, Art., IV.

13.    The defendant is attempting to enforce general laws c.
140, §131, in a manner which would constitute an unlawful
delegation of authority from the legislature to the executive,
this without standards or guidelines other than the legislative
mandate itself and such executive determination is composed of
the vague and undeterminable discretionary action of the
defendant to determine "suitability" and impose restrictions on
the plaintiff and citizens by arbitrary, capricious conduct in
abuse of their authority, denial of due process, equal
protection, ex post facto and double jeopardy with cruel and
unusual prohibitions as lifetime punitive punishment contrary to
the constitutions, U.S. Const., Amendments I, II, V, VI, VII,
VIII, IX, X, and XIV; Mass. Const.Pt. I, Art.  I, XI, XII, XV,
XVII, XVIII, XXX.  *International Union, United Mine Workers v.*
*Bagwell*, 512 US.  82, 129 L.  Ed.  2nd.  642.

14.    The plaintiff says the suitability of a person to be
licensed to carry a firearm is vague, indefinite, whimsical and

incapable of definition and as interpreted by the defendant, has failed to set forth cogent or permissible reasons for the denial of his license application for renewal, or otherwise as required in c. 140, §131 in writing such that the plaintiff can understand.

15.   Plaintiff says he has been put to expense to purchase justice, his rights have been and are subject to delay, denial, not freely provided and suspended by the executive not the legislative branch according to the Massachusetts and United States Constitutions. **Mass.**, Const., Pt.  II., c. 1, § 1 Article IV.

16.   Plaintiff says he is entitled to trial by jury, the judgment of his peers, or the common law of the land; but no such common law rights and protections are possible or  provided by GL c. 140, §131 in violation of Part I, Art.  I, XI, XII, or XV, XVII, XXX and Pt. II,c.  1, § 1, Art., IV of the Massachusetts Constitution and he insists on said rights.

17.   Your plaintiff says he is being penalized and held to answer for crimes or offenses unknown to him and which have not been fully, plainly, and substantially, or formally described to him by the license denial statement, Attachment "A". Any

7

offenses to his knowledge have by law been ordered sealed and
cannot in any circumstances be used against him as evidence or
otherwise except for a second offense sentence; to use such is a
criminal act, a civil rights criminal violation, state and
federal. M.G.L. c.  265, § 37. M.G.L. c.  12, § 11 H,I,18 USC
242, 42 U.S.C. § 1983.

18.  Plaintiff as a citizen of the Commonwealth of
Massachusetts, and one of the people, has an absolute right to
keep and bear arms, to defend his life, his liberty, his pursuit
of happiness and his property subject only to reasonable
regulation designed to precisely prevent a real evil but not the
conduct of others and not a prior restraint of his entitled
rights.

19.  The plaintiff says the action of the defendant is
tantamount to the suspension of the Constitution of the
Commonwealth, Mass. Const. PT. I Article, XX and Art. I.  In
particular Article I guarantees  his preexisting, unalienable,
natural, common law rights, and thus the same is unlawful, beyond
his authority and jurisdiction and as well as by the sealed
records laws. M.G.L. c.  276, § 100A.

WHEREFORE, the plaintiff request the Court rule:

20. The plaintiff be issued license for all lawful purposes as the Court rules on all the facts and the law there is no reasonable ground for refusing such license,  that the plaintiff applicant is not prohibited by law from holding the license and the defendant has abused his authority, acted arbitrarily, and capriciously causing your plaintiff loss of employment, damages and expenses of this action by application of M.G.L. c.  140, §§ 121-131P.

21. The plaintiff is being deprived of constitutional rights and privileges as provided in Part I, Article I, Article V, Article VII, Article X, Article XI, Article XII, Article XV, Article XVII, Article, XVIII, Article XIX, Article XX, Article XXIX and Article XXX, Declaration of Rights, Mass. Const.  and Amendments II and XIV of the Bill of Rights amendments to the United States Constitution.

22. The decision of the Defendant is:

   a.   in violation of United States and Massachusetts constitutional provisions and protection;

   b.   in excess of the statutory or any authority or jurisdiction of the defendant;

   c.   based upon error of law or unconstitutional statute;

9

d.   made upon unlawful procedure;

e.   unsupported by substantial evidence warranted by the facts found by the defendant;

f.   is arbitrary, capricious, an abuse of discretion and  authority and otherwise not in accordance with law and constitution.

23.   MGL c. 140, §131 is an unconstitutional delegation or ursupation of the legislative powers to or by the defendant. Article XXX.

24.   As used by the defendant, MGL c. 140, §131 is a denial of the equal application and protection of the law to plaintiff and all persons similarly situated.   Article I.

25.   MGL c. 140, §131 as applied by the defendant is void as vague, without objective standards or guidelines to prevent abuse and an excess of authority.   Article XXX.   *City of Fitchburg v. 707 Main Corp*, 369 Mass. 748 (1976).   The sacred common law rights of the plaintiff here are to be distinguished from the arbitrary and capricious standard of Bermant and Johnson Products Municipal administrative determinations. *Bermant v. Board of Selectmen of Belchertown*, 425 Mass. 400 *(1997), Johnson Products, Inc., v.  City Council of Medford,* 353 Mass.  540, 545 (1968).

10

26.   The action of the defendant constitutes punitive punishment for life of the plaintiff, denial of a firearm and accessories, loss of employment and as such, though civil  or administrative action, the plaintiff is entitled to all due process for this unalienable, natural right as if a criminal matter, or involving freedom of speech and religion.  Due process is not only lacking here, but, an impossibility here as said statute M.G.L. c. 140, § 131 is unconstitutional and a violation of plaintiff's rights ab initio, therefore unenforceable and non existent. *United States v. Bajakajian*, 118 S. Ct. 2028 (1998) 141 L.  Ed.  2d 314.   *International Union, United Mine Workers v.  Bagwell*, 512 US.  82 (1994), 129 L.  Ed.  2nd.  642 (1994). *Austin v.  United States*, 508 US 602 (1993), 125 L.  Ed.  2nd 458.

27.   By reason of c.  140, § 131 the defendant, of the executive department, is attempting to and is making laws contrary to his authority and duties.   Article XXX.

28.   MGL c. 140, §131 as interpreted by the defendant, is an unconstitutional violation of Part I, Articles I, IV, X, XI, XII and XVII in that the certain, essential, natural, unalienable common law rights of the plaintiff as an individual citizen are deprived him, which natural and unalienable rights belong to him

as an individual personally and existing prior to the

Constitutions in common law.  Our Declaration of Rights of the

Massachusetts Constitution and United States Declaration of

Independence contain and protect these such rights as well as

does the United States Constitution, (Second and Fourteenth

Amendments), and to which constitutions the defendant is bound

and sworn.  *United States v.  Emerson*, ___F.3d__ , 2001 WL 1230757

(5th Cir.  2001 (Tex,)).  *United States v. Verdugo-Urquidez*, 494

U.S. 259, 265 (1990).  Notwithstanding the Second Amendment the

Fourteenth also requires due process.


29.  The laws, C.  180 of Acts of 1998 and its amendments,

which the defendant is attempting to enforce to disqualify the

plaintiff, did not exist prior to October 21, 1998 and such laws,

M.G.L. c.  140, §§ 121-131P, are not retroactive but prospective

in application only. *DeLuca v. Chief of Police of Newton*, 415

Mass. 155 (1993)and cases cited.


30.  The conduct of the defendant has injured the plaintiff

in his property, employment and rights, and the plaintiff has by

the defendant action, been put to the expense of this proceeding.

Article X, XI and XII, for which expense and counsel fees the

defendant may be liable to the plaintiff as violation of his

civil rights. 42 USC 1982.


12

*AG.
Unconst.*

31.  C. 140, §131 is unconstitutional in not providing the plaintiff with his right to trial by jury of his peers on all issues and his constitutional right for property damage.  Article XV, Article XII, XVIII, XX, XXIV, XVI, XXX, U.S. Const., Article of Amendments VII, XIII and XIV.

32.  The defendant failed to comply with the defective §131 of c. 140 in that it is required there be set forth the proper and valid reasons for the denial of the plaintiff's rights in a meaningful and understandable manner in writing after a hearing for the plaintiff.

33.  The defendant's denial of the plaintiff's license as set forth in Attachment "A" constitutes arbitrary and capricious abuse of authority, is not reasonable grounds to deny the plaintiff license and this court should order the issuance of license for all lawful purposes forthwith to prevent further irreparable harm to the plaintiff and restoration of his employment.

34.  This Court rule the purpose of the legislative exercise of its police power for the public safety, health and welfare is to keep firearms from evildoers, demonstrated incorrigibles and irresponsible persons to wit:  felons, drug addicts, minors and

13

the mentally ill.  Mass.  Const., Pt.  II, c.  1, § 1, Art., IV.

35.  This Court rule the plaintiff is none of the above
listed irresponsible persons or evil doers and hence has the
right to keep and bear arms as protected by Articles I and XVII
of Declaration of Rights of Part I, Massachusetts Constitution
and is not limited by Part II, Chapter I, Section 1, Article IV
of said Constitution, he now possessing all his civil rights.

36.  The court interpret §131 of c. 140 so as to make a
constitutional statute such that §131, though being capable of an
unconstitutional interpretation as used by the defendant,
actually has a constitutionally proper interpretation and
requires the latter.

37.  The proper constitutional interpretation superior to
the defendant's present application of M.G.L. c.  140, §131 is,
that the legislature having defined by it police power, (Part II,
c. I, Sec. 1., Article IV) what is a "suitable person" and
"suitable purpose", ...., and not left this determination as a
discretionary power delegated to the executive branch, the so
called licensing authority, the statute, §§ 121-131P, is
constitutionally proper to this extent.  If a person is not
disqualified by the statutory "suitable person" or "suitable

14

purpose", and, whereas law abiding citizens do not apply for criminal purposes such as "to rob a bank", they are not evil doers or irresponsible persons and all applicants are subject to a background check by definition as a statutory requirement. M.G.L. c. 140, §§ 129B and 131.

38.   The defendant licensing authority cannot act on the unsupported assumptions or imagined evils.

THE PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

DATED: *April 2, 2002*

Francis J. Rogers
By his attorneys,

*Alt Tierney*
Albert G. Tierney
BBO #497860
Robert J. Forrest
BBO #175080
465 Main Street
P.O. Box 222
Norwell, MA   02061
(781) 659-4500

C:\WP51\CLIENT\0203FA\ROGERS\COMP.



# TOWN OF PLYMOUTH
# POLICE DEPARTMENT
**20 Long Pond Road**
**Plymouth, Massachusetts 02360**
**FAX (508) 830-4227**
**(508) 830-4218**

Date: 14 February, 2002

Francis J. Rogers
34 Grasshopper Lane
Plymouth, MA 02360

Dear Mr. Rogers :

Please be advised that the Plymouth Police Department has denied your application for a Class A License to Carry Firearms. The reason(s) for this denial is:

☑ **Applicant deemed not to be a "suitable person".**

☑ **Disqualifying Conviction reported by the Criminal History Systems Board.**

Sincerely,

Sgt. Peter Flynn
Licensing Authority

 Printed on recycled paper.

PLAINTIFF'S EXHIBIT
"A"

ALBERT G. TIERNEY, ESQ.

465 MAIN STREET
P.O. BOX 222/530
NORWELL, MASSACHUSETTS 02061
(781) 659-4500
FAX (781) 659-4242

March 6, 2002

Sgt. Peter Flynn, Licensing Authority
Town of Plymouth Police Department
20 Long Pond Road
Plymouth, MA 02360

Re:   Francis J. Rogers, 34 Grasshopper Lane, Plymouth, MA 02360

Dear Sergeant Flynn:

Be advised this office represents Francis J. Rogers, Deputy Sheriff, Corrections Officer, County of Plymouth in regards to your denial of his application for a Class A License to Carry.

Mr. Rogers complains that he has been damaged and injured by the violation of his civil rights, both state and federal. M.G.L. c. 265, § 37 and 18 U.S.C. § 242.

I call to your attention the fact that Mr. Rogers criminal records are sealed in the Massachusetts Department of Probation. This is a statutory right to which Mr. Rogers is entitled under M.G.L. c. 276, §100A. This section provides that you may not use a sealed record against him as evidence in a court or before any boards, commissions or in other hearings. It appears you have done so.

Additionally, it further appears that you have violated Mr. Rogers' civil rights under M.G.L. c. 12, §§ 11H, I, J and 42 U.S.C. § 1983.

Mr. Rogers' damage occurs to his employment and can amount to a substantial sum should this violation continue.

At this stage of the proceedings, Mr. Rogers is willing to accept his license for class A and reimbursement for his legal fees, actual wages lost and his release of all claims to you.

I will suspend activity for ten (10) days, but in the mean time may proceed with the

1



statutory procedure under § 131 of M.G.L. c. 140 of appeal to the Plymouth District Court.

Attorneys for,
FRANCIS J. ROGERS

DATED: *March 7, 2002*

*Albert G. Tierney*

Albert G. Tierney
BBO #497860
Robert J. Forrest
BBO #175080
465 Main Street
P.O. Box 222
Norwell, MA 02061
(781) 659-4500

cc:   Francis J. Rogers
      R. J. Forrest, Esquire

2



The Commonwealth of Massachusetts
*County of Plymouth*
**SHERIFF'S DEPARTMENT**

Division of Field Services

Obery Street

Plymouth, MA 02360
Telephone: (508) 830-6200
Fax: (508) 830-6214
www.plymouthsheriff.net



Joseph F. McDonough
Sheriff

Matthew Hanley
Special Sheriff



Accredited by



American Correctional
Association



National Commission on
Correctional Health Care

March 11, 2002

Mr. Francis Rogers
34 Grasshopper Lane
Plymouth, MA  02360

Dear Mr. Rogers

In response to the recent discovery that your license to carry has been denied, this letter is to inform you that your commission as a Plymouth County Deputy Sheriff has been suspended.  Due to the fact that your license to carry a firearm has been denied by the Plymouth Police Department, you are unable to perform the duties of a Deputy Sheriff.

If in the future this matter should change, please contact me.  At that time, your commission as a Deputy Sheriff will be reviewed.

Sincerely,

James P. Muscato
Director of Field Services

/caa



PLAINTIFF'S
EXHIBIT
"C"

ABINGTON • BRIDGEWATER • BROCKTON • CARVER • DUXBURY • EAST BRIDGEWATER • HALIFAX • HANOVER • HANSON • HINGHAM • HULL • KINGSTON
LAKEVILLE • MARION • MARSHFIELD • MATTAPOISETT • MIDDLEBOROUGH • NORWELL • PEMBROKE • PLYMOUTH • PLYMPTON
ROCHESTER • ROCKLAND • SCITUATE • WAREHAM • WEST BRIDGEWATER • WHITMAN

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS

TRIAL COURT OF MASSACHUSETTS
DISTRICT COURT DEPARTMENT
PLYMOUTH DIVISION
**CA NO.** 0259-CV-0299

FRANCIS J.  ROGERS    \*
          \*
    Plaintiff    \*
          \*
vs.          \*
          \*
PETER FLYNN,      \*
INDIVIDUALLY and as   \*
LICENSING AUTHORITY,TOWN   \*
OF PLYMOUTH      \*
          \*
    Defendant    \*
          \*

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO PETER FLYNN, LICENSING OFFICER, POLICE DEPT.,TOWN OF PLYMOUTH

Pursuant to MRCP 34, the above plaintiff requests the defendant, Peter Flynn

produce for inspection and copying, the documents requested below at the offices of plaintiff's

attorney, Albert G. Tierney, 465 Main Street, P.O. Box 222, Norwell, Massachusetts or

elsewhere as may be agreed, on or before thirty (30) days from service of these presents.

### GENERAL INSTRUCTIONS

1.   This request is for the originals of all documents.  The request includes all partial

and non-identical copies of any documents requested.  Where drafts of the documents are

available, this request includes all non-identical drafts.

2.   Unless otherwise expressly stated, this request covers the period from 1991 to the

present.

1

3.     As used herein, the term "document" is intended to have the fullest scope of that term as used in MRCP 34.

4.     The Terms "Licensing Authority" **and** "you" shall mean the defendant addressed, past or present in position or office, agents, servants, representatives or employees of the same, including employees of your municipality or the Police Department.

5.     The term "Plaintiff" shall mean the **plaintiff**, his agents, servants, representatives or employees.

6.     The term "Licensing Authority " **shall** mean the then defendant.

7.     The term "municipality" shall mean **the** Town of Plymouth its **agents**, servants, representatives or employees including all personnel of its police department.

8.     The reference to "§131" shall mean **MGL** c. 140, §131.

9.     For each document you withhold **based** upon attorney/client privilege, **the** work-product doctrine in this action or any other ground, give:

     a.     the date of the document;

     b.     its author;

     c.     its addressee and recipients;

     d.     a brief summary of its contents; and

     e.     the basis for the privilege or protection asserted.

10.     Each response shall be set forth after first setting forth the numbered request.

## DOCUMENTS REQUESTED

1.     All written procedures, rules or regulations of the municipality, police department

or others in the municipality, relative to the firearms applications, processing, qualifying or

disqualifying applicants for licenses or permits under c. 140, §131 and the limitations and

restrictions including any posters, handbills, notices or information written given out to applicants

provided licensing, or those suspended or denied as to anything related to firearms or gun

licenses.

2.      All documents constituting, evidencing, relating or referring to any actions,

correspondence, notices, conversations or meetings between municipality, State or Federal

officials or agencies, police organizations, associations, or informal groups relative to M.G.L.

c.140, § 131 licensing of applicants or the plaintiff.

3.      All documents constituting, evidencing, relating or referring to any conversations

or meetings between the defendant and the plaintiff.

4.      All documents constituting, evidencing, relating or referring to any documents,

applications or letters furnished the defendant or predecessor by the plaintiff including any file

kept on the plaintiff.

5.      Copy of all documents in any file kept or made on or in the name of the plaintiff.

6.      All documents constituting, evidencing, relating or referring to the criminal history

records of the plaintiff held or obtained by the police department or the licensing unit of the police

department or any other organization or agency.

7.      All documents constituting, evidencing, relating or referring to any conversations

or meetings by any member of the police department unit with you or others concerning the

plaintiff's license application, denial, and disposition.

8.      All documents constituting, evidencing, relating or referring to any notification,

3

oral or written, you or anyone under your authority, gave the plaintiff that his license was to be denied, suspended or revoked at any time prior to or after the creation of Attachment "A" of the plaintiff's complaint.

9.     All rules and written procedures for processing, qualifying or determining what is a "suitable person" or "having a suitable purpose" to be licensed according to §131 of c. 140 of the MGL.

10.     All rules of the department written or otherwise on procedures for processing, qualifying or determining what is "good reason to fear injury to his or her person or property", "or for any other reason" and "Sport or Target Practice Only" to be licensed according to §131 of c. 140 of MGL.

11.     All records, documents, information, policies or other data of any source on which you based your decision to deny the plaintiff's license application including the Mayor, Selectmen, City Counselors and others.

12.     Copies of the job description, duties, appointment and authority of the firearms licensing officer of the licensing unit, department or group.

DATED: *April 10, 2002*

FRANCIS J. ROGERS
By his attorneys,

*Albert G. Tierney*

Albert G. Tierney, Esquire
BBO #497860
Robert J. Forrest, Esquire
BBO #175080
465 Main Street
P.O. Box 222
Norwell, MA  02061
(781) 659-4500

C:\WP51\CLIENT\0203FA\ROGERS\PRO.DOC

4

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS

TRIAL COURT OF MASSACHUSETTS
DISTRICT COURT DEPARTMENT
PLYMOUTH DIVISION
**CA NO.**   0259-CV-0299

```
FRANCIS J.  ROGERS          *
                            *
           Plaintiff        *
vs.                         *
                            *
SGT.  PETER FLYNN, as       *
LICENSING AUTHORITY, TOWN   *
OF PLYMOUTH                 *
                            *
           Defendant        *
                            *
```

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION OF FACTS TO DEFENDANT, PETER FLYNN, LICENSING OFFICER, POLICE DEPT., TOWN OF PLYMOUTH

You are hereby requested to admit the genuineness and truth of the matters set out below within thirty days from the date of service of this request upon you.  These requested admissions are for the purpose of this action only, and the responses thereto must be made pursuant to the provisions of Rule 36, M.R.C.P.

Plaintiff hereby requests defendant to admit the truth of the following statements:

1.   Please identify yourself setting forth your name, address, residential and business, what office or position and authority you hold in the Plymouth Police Department;

2.   Admit or deny you sent or caused to be sent a  letter, dated February 14, 2002, denying plaintiff, Francis J.  Rogers,  renewal of his Permit to Carry a firearm according to <u>Exhibit</u> <u>"A"</u>.

3.   Admit or deny that plaintiff, Francis J. Rogers' records, if any, are sealed.

1

4.     Admit or deny that you used or caused to be used plaintiff Francis J. Rogers "Sealed Records" to deny renewal of his Permit to Carry, the so called "L.T.C.", under M.G.L. c. 140, § 131.

5.     Admit or deny you were advised by the Criminal History Systems Board the plaintiff had a disqualifying record that is sealed.

6.     Admit your knowledge of Mr. Rogers' sealed record and contents were furnished to you by others such as Criminal History Systems Board and was not information of your personal knowledge.

7.     Admit M.G.L. c. 140, 11 121-131P was amended by C. 180 of the Acts of 1998 effective on or about October 21, 1998.

8.     Admit plaintiff has since October 21, 1998 no disqualifying conditions.

9.     Admit you were told by plaintiff's attorney you could not use his sealed record against him for licence renewal per <u>Exhibit B</u> attached.

10.    Admit M.G.L. c. 276, § 100A, 100B and 100C, c. 119, § 60, 60A deal with sealed records of convictions and other court proceedings attached and is an accurate copy of said c. 276, § 100A and c. 119, § 60 and 60A.

11.    Admit M.G.L. c. 265, § 37 states, "No person, whether or not acting under color of law, shall by force or threat of force, willfully injure, intimidate or interfere with, or attempt to injure, intimidate or interfere with, or oppress or threaten any other person in the free exercise or enjoyment of any right of privilege secured to him by the constitution or <u>laws</u> of the commonwealth or by the constitution of laws of the United States. Any person convicted of violating this provision shall be fined not more than one thousand dollars or imprisoned not more than one year or both; and if bodily injury results, shall be punished by a fine of not more than ten thousand dollars or by imprisonment

2

FRANCIS J. ROGERS
By his attorneys

DATED: *April 10, 2002*

Albert G. Tierney, Esquire
BBO #497860
Robert J. Forrest, Esquire
BBO #175080
Norwell, MA  02061
(781) 659-4500

C:\WP51\CLIENT\0203FA\ROGERS\ADMITS.REQ

4