UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 02-10789-RWZ

FRANCIS J. ROGERS

v.

PETER FLYNN, as Licensing Authority and Individually

DOCKETED

MEMORANDUM OF DECISION

March 31, 2003

ZOBEL, D.J.

Francis Rogers, a resident of Plymouth, Massachusetts, applied for a renewal of a license to carry firearms. Peter Flynn, the firearms licensing authority in Plymouth, conducted a background check pursuant to Mass. Gen. Laws ch. 140, § 131, which revealed that Mr. Rogers had a disqualifying conviction. By written notice dated February 14, 2002, Mr. Flynn denied the application on two grounds: (1) Mr. Rogers was deemed not to be a "suitable person" and (2) Mr. Rogers had a disqualifying conviction.

In response, Mr. Rogers filed suit in state court against defendant Peter Flynn, seeking injunctive relief among other things. Defendant removed the case to this Court. The lengthy Complaint alleges that defendant wrongfully denied plaintiff's application for renewal of his license to carry firearms in violation of his federal and state constitutional rights. Plaintiff specifically alleges that defendant improperly considered a sealed conviction in violation of various state statutes. Plaintiff also challenges the validity of Mass. Gen. Laws ch. 140, § 131, alleging that it is unconstitutional because: (1) it allows

for abuse of authority in violation of plaintiff's Constitutional rights to due process and equal protection, (2) it is vague, (3) it is an unlawful delegation of authority from the legislature to the executive branch and (4) it does not provide a right to a jury trial.

Defendant has filed a Motion to Dismiss, which plaintiff never opposed. Plaintiff did subsequently file a Motion to Remand, alleging lack of federal jurisdiction because the sole issue concerned a state statute; namely, Mass. Gen. Laws ch. 140, § 131. Plaintiff's motion is denied; federal jurisdiction exists by virtue of the plaintiff's claims that his Constitutional rights were violated by an unconstitutional state statute. See 28. U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Contrary to plaintiff's contentions in his Complaint, the Second Amendment of the Constitution "does not confer an absolute right to bear arms." Gardner v. Vespia, 252 F.3d 500, 503 (1st Cir. 2001). Therefore, even if plaintiff "was not, in fact, disqualified from purchasing a firearm, [defendant's] conclusion to the contrary did not violate any constitutional right to own that firearm." Id. Likewise, there "is no right under art. 17 of the Declaration of Rights of the Massachusetts Constitution for a private citizen to keep and bear arms and thus to require that a citizen have a license to do so is not unconstitutional; nor is there any question of a property right or deprivation of liberty involved in the statutory procedures for obtaining a license to carry firearms." Chief of Police of Shelburne v. Moyer, 453 N.E.2d 461, 464 (Mass. App. Ct. 1983) (citation omitted). Thus, plaintiff cannot maintain that his federal and state constitutional rights were violated or that Mass. Gen. Laws ch. 140, § 131 is unconstitutional.

More specifically, plaintiff's contentions that he was denied due process rights and equal protection of the law are meritless. Section 131(f) provides sufficient due process protections by allowing an aggrieved applicant to file a petition for judicial review in the event of a denial. Mass. Gen. Laws ch. 140, § 131(f). In his Complaint, plaintiff alleges that, as a member of a class of people carrying or desiring to carry firearms, he is denied equal protection of the law because he can only seek judicial review under the statute while other Massachusetts citizens have the right of appeal and trial by jury when their property or civil rights are violated. To establish an equal protection claim, plaintiff must show that when compared with others similarly situated, he was selectively treated "based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." <u>Yerardi's Moody Street Restaurant & Lounge, Inc. v. Board of Selectmen of the Town of Randolph</u>, 932 F.2d 89, 92 (1st Cir. 1991)(citations omitted.) Because all applicants aggrieved by a denial of a license to carry firearms are subject to the terms of Section 131, plaintiff has not shown that he was selectively treated. Hence, his equal protection claim must fail.

Similarly, because plaintiff has not demonstrated a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws," he cannot maintain his claims under 42 U.S.C. § 1983. For the same reason, he cannot sustain his claims under the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12 § 11I.

Finally, plaintiff contends that defendant improperly considered a sealed conviction. However, plaintiff's conviction was not the sole reason for the denial;[1] defendant also found that plaintiff was not a "suitable person." Section 131 provides that after an investigation if the applicant is not otherwise disqualified, the licensing agent may issue a license to carry a firearm "if it appears that the applicant is a suitable person to be issued such license. . . ." Mass. Gen. Laws ch. 140, § 131. The applicant bears the burden to produce substantial evidence that he is a proper person to hold a license to carry firearms. Chief of Police of Shelburne v. Moyer, 453 N.E.2d 461, 464 (Mass. App. Ct. 1983).

As noted earlier, plaintiff has not filed any opposition papers to defendant's motion to dismiss and therefore has not addressed this issue. Therefore, denial of plaintiff's license to carry firearms is proper.

Accordingly, defendant's Motion to Dismiss is ALLOWED and plaintiff's Motion to Remand is DENIED. Judgment may be entered for the defendant.

_March 31, 2003_
DATE

_Rya W. Zobel_
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

[1] Because there is another basis for defendant's denial of the license, the Court sees no need to address plaintiff's contention that various state statutes were violated by defendant's improper reliance on the sealed conviction. Plaintiff also cites Mass. Gen. Laws ch. 265, § 37, which prohibits a person from violating another's federal or state constitutional rights by force or threat of force. As stated above, plaintiff has not properly alleged that his rights under the federal and state constitutions have been violated.